## Eich, et al. v. Mader.

(Decided May 5, 1915.)

### Appeal from Campbell Circuit Court.

Continuance—Discretion of Court.—This court will not interfere with the discretion of the trial court in granting or refusing a continuance unless there has been an abuse of that discretion, and particularly where it was apparent that the motion was made for delay.

JUDSON A. SHUEY for appellants.

WM. U. WARREN for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

This is a forcible detainer proceeding originally instituted in a justice's court in Campbell County. A judgment was rendered in that court finding appellants guilty of the forcible detainer, whereupon a traverse bond was executed and the case taken to the circuit court of that county.

In that court the trial was set for June 30th, 1914, and another case being on trial that day, was passed until the next day, July 1st, 1914. On the latter day the cause was continued upon the motion of the defendants until the 13th day of July, 1914, and when the case was called on that day the defendants again entered a motion for a continuance upon the ground of the illness of Mary Eich, one of the defendants, being the same ground upon which it had been continued on July 1st. On the latter day the court heard a number of witnesses in open court, and the evidence was taken down by the official stenographer, upon the question of Mary Eich's illness, and whether she had been able to give her deposition between the first of July and the 13th of July. The evi-

dence was very conflicting as to what her real condition was, and the court overruled the motion for a continuance, heard the evidence, and gave the jury a peremptory instruction to find defendants guilty of the forcible detainer.

Upon this appeal the only question made is that the court erred in not granting the continuance.

It is the universal rule in this court not to interfere with the discretion of a trial court in granting or refusing a continuance unless there has been an abuse of that discretion. From the evidence taken on the motion the court was fully justified in believing that the condition of Mary Eich, between the first of July and the 13th of July, was such that her deposition might have been taken, and, this being true, no good ground for continuance was shown. Both Mary and Gus Eich were defendants in the writ, and he was present and testified on the trial. Something is said about certain letters which Mary Eich had from the appellee which would have shed some light on the issues involved; but such letters were not produced at the trial, although the court voluntarily offered to permit the defendants to introduce the same. The absence of Mary Eich in no way prevented the introduction of these letters.

All the circumstances developed in the evidence, both at the trial and on the motion for a continuance, were strongly persuasive, if not conclusive, that delay was the purpose of the motion for a continuance.

Judgment affirmed.